[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10415
_____

D.C. Docket No. 3:14-cr-00059-RV-1


UNITED STATES OF AMERICA,

                                                Plaintiff - Appellee,

                    versus

JOHN DAVID CASTLEBERRY,
MARK DOUGLAS STOKES, et al.,

                                                Defendants - Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(December 30, 2016)

Before WILLIAM PRYOR and ROSENBAUM, Circuit Judges, and UNGARO,[*] District Judge.

PER CURIAM:

Following oral argument and review of the record, we reject the arguments advanced by the Appellants and affirm in all respects. Because we write for the parties, we set out only what is necessary to explain our decision.[1]

Appellants argue that the district court abused its discretion by denying their motion for a mistrial based on the court's questioning of a witness.[2] Trial judges are explicitly vested with the authority to examine witnesses. Fed. R. Evid. 614(b); *see also, United States v. Day*, 405 F.3d 1293, 1297 (11th Cir. 2005). Furthermore, even without the judge's singular question, the record contained sufficient independent evidence of Appellants' guilt. *See United States v. Capers*, 708 F.3d 1286, 1298 (11th Cir. 2013). Reviewing for abuse of discretion, we find no reversible error in the trial court's denial of the motion for a mistrial. *Id.*

---

[*] Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida, sitting by designation.

[1] As to issues not specifically addressed, we affirm without discussion.

[2] The trial judge asked Shauna Henline, an employee of the Internal Revenue Service's Frivolous Return Program, a single question during the course of her cross examination. *See* ECF 458, at 183-85.

2

Appellants Castleberry and Mark Stokes argue that the district court gave an erroneous good-faith defense instruction to the jury, and Mark Stokes also appeals the willful-blindness jury instruction. In addition, Appellant Castleberry takes issue with the district court's Original Issue Discount ("OID") instruction to the jury. The trial court's good-faith defense instruction was a combination of this Court's Pattern Jury Instruction (Special Instruction 9 (2010 Criminal)) and an excerpt from the good-faith instruction approved by this Court in *United States v. Dean*, 487 F.3d 840, 850 (11th Cir. 2007). Consequently, we find that the good-faith defense instruction was a correct statement of the law.

Appellant Mark Stokes provides no legal authority for his claim that the willful-blindness instruction misstated the law. Further, while Appellant argues to the contrary, there was sufficient evidence in the record that the jury could have interpreted as acts of willful blindness by the Appellant. *See United States v. Rivera*, 944 F.2d 1563, 1570 (11th Cir. 1991).

Appellant Castleberry also provides no legal authority for his contention that the OID instruction was misleading to the jury. Furthermore, Appellant conceded during trial that the OID definition provided to the jury

3

was correct.[3] ECF No. 467, at 112. Appellant Castleberry also argues that a definition of OID should not have been provided to the jury at all.[4] However, Appellant conceded that the jury had heard the definition from multiple witnesses throughout the trial and that there was "no confusion as to what the OID forms were designed to do."[5] *Id.* Therefore, reviewing all three instructions *de novo*, we find no reversible error in the district court's jury instructions. *See United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

Appellants Baum and Castleberry argue that the district court erred in two evidentiary rulings during the testimony of Beverly Hunt, an Internal Revenue Service Officer. However, Appellants failed to demonstrate that either ruling substantially influenced the outcome of the trial. *United States v. Khanani*, 502 F.3d 1281, 1292 (11th Cir. 2007). After conducting an

---

[3]    Defendant Baum's attorney appeared to be speaking on behalf of all Defendants when he stated, "None of the defendants have – or actually, all of the defendants that testified conceded, and we've conceding [sic] in our questioning, in essence, in our argument, that essentially we agree with what the Government describes to be the OID." ECF No. 467 at 112:1-5.

[4]    Though Appellant Castleberry conceded the Government's description of OID during trial, Appellant argues that the instruction tracked the Government's version of the facts and thus signaled to the jury that an OID was what the Government said it was.

[5]    Defendant Baum's attorney appeared to be speaking on behalf of all Defendants when he stated, "The IRS witnesses have testified. It's not contested. There's no confusion as to what the OID forms were designed to do. The IRS witnesses were very clear on that." ECF No. 467, 112: 14-16.

4

abuse of discretion review, we find no reversible error in the trial court's evidentiary rulings. *Id.*

**AFFIRMED.**